UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANK RAY RIVERA, JR.,<br><br>               Petitioner,<br><br>     v.<br><br>J. MARTINEZ, Warden,<br><br>               Respondent. | Case No. CV 16-437 JC<br><br>MEMORANDUM OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DISMISSING ACTION |

**I.    SUMMARY**

On January 20, 2016, petitioner, who is in state custody and is proceeding *pro se*, filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition"), challenging a criminal judgment in Ventura County Superior Court. Although framed as two grounds for relief, petitioner essentially claims that his federal due process rights were violated because the evidence was insufficient to convict him.

On April 27, 2016, respondent filed an Answer ("Answer") and lodged multiple documents ("Lodged Doc."), including the Clerk's Transcript ("CT"), and the Reporter's Transcript ("RT"). Petitioner did not file a Reply.

The parties have consented to proceed before the undersigned United States Magistrate Judge.

For the reasons explained below, the Petition is denied and this action is dismissed with prejudice.

## II. PROCEDURAL HISTORY

On May 28, 2013, a Ventura County Superior Court jury found petitioner guilty of possession of methamphetamine for sale (count 1), possession of a firearm by a felon (counts 2, 4), possession of ammunition (counts 3, 5), and possession of alprazolam (xanax) for sale (count 6). (CT 204-07, 340-45). The jury also found true allegations that petitioner was personally armed with a firearm in committing the offense charged in count 1, and that he was released from custody on bail during the commission of the offenses charged in counts 4-6. (CT 340, 343-45). On June 25, 2013, the trial court sentenced petitioner to a total of eleven years and four months in state prison. (CT 367).

On September 23, 2014, the California Court of Appeal affirmed the judgment. (Lodged Doc. 6). On December 10, 2014, the California Supreme Court denied petitioner's petition for review. (Lodged Doc. 8).

## III. FACTS

Since petitioner challenges the sufficiency of the evidence, the Court has independently reviewed the state court record. See Jones v. Wood, 114 F.3d 1002, 1008 (9th Cir. 1997). Based on its independent review of the record, the Court summarizes the facts below, drawing from the California Court of Appeal's opinion on direct review. (Lodged Doc. 6 at 2-4). The Court of Appeal's factual findings constitute a fair and accurate summary of the evidence presented at trial and are presumed correct. See 28 U.S.C. § 2254(e)(1).

### A. February 2012 Events

The following events occurred on February 25, 2012 and are the predicates for counts 1-3.

On that date at about 2:00 p.m., Officer Moses Martinez arrested a man named Correa pursuant to an arrest warrant. Correa was walking a dog, so

Martinez and two other police officers took the dog back to Correa's residence in Oxnard. Martinez knocked on the door. A man named Koen opened it. Martinez recognized Koen as "the other individual [he] wanted to arrest on the warrant." Koen looked at Martinez, closed the door, and locked it. Martinez heard people "running around inside" and "doors opening and closing." After about 10 to 15 seconds, the officers forced entry.

The officers conducted "a quick protective sweep" of the residence. Petitioner and a female, Bridget Escamilla, walked out of the master bedroom. Another female walked out of a different bedroom. Inside the closet of the master bedroom, the officers found a loaded magazine for a pistol. Under the bed, they found crystal methamphetamine. After a search warrant was issued, the officers conducted an extensive search of the master bedroom. Inside the drawers of a nightstand, they found letters addressed to petitioner at the Oxnard residence and a wallet containing his driver's license. Between the bed and a bookshelf, they found paperwork in petitioner's name. Next to the methamphetamine under the bed, they found a prescription for penicillin in his name. Also under the bed were several boxes of shotgun ammunition and a Time Warner Cable box addressed to petitioner. The master bedroom closet contained an unloaded handgun, three loaded magazines, a small baggie of methamphetamine, and boxes for men's shoes. There was no female clothing in the master bedroom. Officer Martinez testified that he found nothing "to indicate that anyone besides [petitioner] lived . . . in [the] . . . master bedroom." There was no paperwork in any other person's name.

A silver Chevrolet Impala was parked in the driveway of the residence. The day before petitioner's arrest, Officer Martinez made a traffic stop of the vehicle. Petitioner was the driver.

///

///

### B. April 2012 Events

The following events occurred on April 12-13, 2012 and are the predicates for counts 4-6.

On April 12, 2012, Deputy Eduardo Malagon was conducting surveillance on a residence in Port Hueneme. The same silver Chevrolet Impala that had been parked outside petitioner's Oxnard residence was parked in the driveway of the Port Hueneme residence. Petitioner walked out of the Port Hueneme residence, used a key to open the Impala's trunk, put a "backpack" inside the trunk, and closed it. He then walked back toward the front door of the residence until he was out of Malagon's view.

On April 13, 2012, Deputy Malagon and other deputies returned to the Port Hueneme residence with a search warrant. After entering the residence, they searched petitioner's person. In his pocket they found the keys to the Impala. Other persons were inside the residence. Malagon did not "find any other set of keys [for the Impala] in the house or in anyone[ ] [else's] possession."

The Impala was still parked in the driveway. The deputies unlocked the vehicle and searched it. They found a "duffle bag" in the back seat. It contained male clothing and 149 alprazolam pills. A revolver was underneath the driver's seat. It contained "six live rounds of ammunition."

In the center console of the Impala, Deputy Malagon found a "Metro PCS request form" addressed to petitioner and "two Ventura County Superior Court minute orders with [petitioner's] name on it." The vehicle did not contain paperwork bearing the name of any other person. Deputy Malagon testified that, during his search of the Impala and Port Hueneme residence, he had found nothing "that indicated either anyone in the house or anyone else other than [petitioner] had any belongings in the vehicle."

///
///

## IV. STANDARD OF REVIEW

This Court may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not grant an application for writ of habeas corpus on behalf of a person in state custody with respect to any claim that was adjudicated on the merits in state court proceedings unless the adjudication of the claim: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).[1]

In applying the foregoing standards, federal courts look to the last reasoned state court decision. See Smith v. Hedgpeth, 706 F.3d 1099, 1102 (9th Cir.), cert. denied, 133 S. Ct. 1831 (2013). Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim are presumed to rest upon the same ground. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991); Cannedy v. Adams, 706 F.3d 1148, 1158 (9th Cir. 2013) (it remains Ninth Circuit practice to "look through" summary denials of discretionary review to the last reasoned state-court decision), as amended on denial of rehearing, 733 F.3d 794 (9th Cir. 2013), cert. denied, 134 S. Ct. 1001 (2014); but see Kernan v. Hinojosa, 136 S. Ct. 1603, 1606 (2016) (Ylst presumption is rebuttable; strong evidence can refute it).

---

[1] When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary. Harrington v. Richter, 562 U.S. 86, 99 (2011); see also Johnson v. Williams, 133 S. Ct. 1088, 1094-96 (2013) (extending Richter presumption to situations in which state court opinion addresses some, but not all of defendant's claims).

## V.     DISCUSSION

Petitioner contends that there was insufficient evidence to support his convictions and the true finding that he was personally armed with a firearm. The California Court of Appeal – the last state court to issue a reasoned decision addressing petitioner's challenge to the sufficiency of the evidence – rejected it on the merits. (Lodged Doc. 6 at 4-6). Based upon an independent review of the record, this Court agrees with the California Court of Appeal and concludes that petitioner is not entitled to federal habeas relief on the claim.

### A.     Pertinent Law

On habeas review, the court's inquiry into the sufficiency of evidence is subject to two layers of judicial deference. Coleman v. Johnson, 132 S. Ct. 2060, 2062 (2012) (per curiam). First, on direct appeal, "it is the responsibility of the jury – not the court – to decide what conclusions should be drawn from evidence admitted at trial. A reviewing court may set aside the jury's verdict on the ground of insufficient evidence only if no rational trier of fact could have agreed with the jury." Id. (quoting Cavazos v. Smith, 132 S. Ct. 2, 4 (2011)(per curiam)); see Jackson v. Virginia, 443 U.S. 307, 319 (1979) (standard of review on sufficiency of the evidence claim is whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt") (emphasis in original); Coleman, 132 S. Ct. at 2065 ("[T]he only question under Jackson is whether [the jury's] finding was so insupportable as to fall below the threshold of bare rationality.").

Second, on habeas review, "a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objective unreasonable.'" Coleman, 132 S. Ct. at 2062, 2065 (state court determination that jury's finding was not so

insupportable as to fall below the threshold of bare rationality is entitled to considerable deference on habeas review)(citations omitted); see Juan H. v. Allen, 408 F.3d 1262, 1274-75 (9th Cir. 2005) (as amended) (federal habeas relief may be granted only if state court's adjudication of insufficiency of the evidence claim involved unreasonable application of Jackson to the facts of the case), cert. denied, 546 U.S. 1137 (2006).[2]

Sufficiency of the evidence claims are judged by the elements defined by state law. Jackson, 443 U.S. at 324 n. 16. Evidence must be considered in the light most favorable to the prosecution. Id. at 319. The testimony of a single witness is sufficient to sustain a conviction. Bruce v. Terhune, 376 F.3d 950, 957-58 (9th Cir. 2004) (per curiam). Circumstantial evidence and inferences drawn therefrom also may be sufficient to sustain a conviction. Ngo v. Guirbino, 651 F.3d 1112, 1114-15 (9th Cir. 2011) (citations omitted).

In California, to convict a defendant for illegal possession of a controlled substance for sale, the prosecution must prove: (1) the defendant unlawfully possessed a controlled substance (*i.e.*, methamphetamine, alprazolam); (2) petitioner knew of its presence; (3) petitioner knew that the substance was a controlled substance; and (4) the controlled substance was in a quantity usable for consumption or sale. See Cal. Health & Safety Code §§ 11375(b)(1), 11378; People v. Palaschak, 9 Cal. 4th 1236, 1242 (1995) ("The essential elements of possession of a controlled substance are dominion and control of the substance in a quantity usable for consumption or sale, with knowledge of its presence and of its restricted dangerous drug character.") (citations and quotations omitted); CALJIC 12.00. Each of the elements may be established with circumstantial evidence. See Palaschak, 9 Cal. 4th at 1242.

---

[2]The California standard for determining the sufficiency of evidence to support a conviction is identical to the federal standard enunciated in Jackson. People v. Johnson, 26 Cal. 3d 557, 576 (1980).

California law requires the prosecution to prove the following elements to establish that a defendant was a felon in possession of a firearm or ammunition: (1) the defendant had previously been convicted of an enumerated felony; and (2) the defendant owned a firearm/ammunition or had a firearm/ammunition in his possession or under his custody or control. See Cal. Penal Code §§ 29800(a)(1), 30305(a)(1); CALJIC 12.00, 12.44, & 12.49.

Possession may be actual or constructive. See People v. Mitchell, 170 Cal. App. 4th 587, 625 (2009); In re Daniel G., 120 Cal. App. 4th 824, 831 (2004); CALJIC 12.00 & 12.44. Actual possession requires that a person knowingly exercise direct physical control over a thing. See In re Daniel G., 120 Cal. App. 4th at 831; CALJIC 12.00 & 12.44. Constructive possession requires that a person knowingly exercise control over or the right to control a thing, either directly or through another person or persons. See In re Daniel G., 120 Cal. App. 4th at 831; CALJIC 12.00 & 12.44. The actual or constructive possession, may also be sole or joint, *i.e.*, shared with another person or persons. See People v. Mitchell, 170 Cal. App. 4th at 625 ("[M]ore than one person may possess the same contraband. Conviction is not precluded . . . if the defendant's right to exercise dominion and control over the place where the contraband was located is shared with another." (citation, internal citation and internal quotation marks omitted); CALJIC 12.00 & 12.44. In general, the knowing possession of contraband simply requires an awareness of both its physical presence and character. People v. Low, 49 Cal. 4th 372, 386 (2010) (citations omitted).

Mere proximity to contraband, standing alone, is not sufficient evidence of possession. People v. Sifuentes, 195 Cal. App. 4th 1410, 1417 (2011). Similarly, proof that amounts to no more than a speculative possibility that the defendant had an opportunity of access to a place where the contraband was kept is insufficient to support a finding of possession. People v. Mitchell, 53 Cal. App. at 25. However, possession may be imputed when contraband is immediately and

1 exclusively accessible to the accused and subject to his dominion and control, or
2 to the joint dominion and control of the accused and another. People v. Williams,
3 5 Cal. 3d 211, 215 (1971).
4     To establish that a defendant was personally armed with a firearm during
5 the commission of a crime, the prosecution must prove that the defendant
6 knowingly carried a firearm or had it available for offensive or defensive use. See
7 Cal. Penal Code § 12022(c); CALJIC 17.16.1.

**B. Analysis**

Petitioner contends that there is insufficient evidence to establish that he knowingly possessed the contraband at issue, but does not otherwise challenge the sufficiency of the evidence. Petitioner is not entitled to federal habeas relief.

First, the Court of Appeal reasonably determined that the evidence was sufficient to establish that petitioner knowingly possessed the contraband at issue in counts 1-3 and the firearm allegation – the charges predicated on the February 2012 events. (Lodged Doc. 6 at 5). The Court of Appeal explained:

> Substantial evidence supports the jury's finding that [petitioner] knowingly exercised dominion and control over the firearm, ammunition, and methamphetamine in the master bedroom of the Oxnard residence. In his reply brief, [petitioner] concedes that "it can be deduced from the evidence that [he] resided in the master bedroom." It is reasonable to infer that the female who walked out of that bedroom was a visitor and that [petitioner] was the bedroom's sole occupant. There was no female clothing in the master bedroom. Letters, a driver's license, a prescription, and other paperwork bore [petitioner's] name. Nothing found in the master bedroom suggests that anyone else was living there. A reasonable trier of fact could infer that Koen lived in the separate bedroom where the police found paperwork in his name.

(Lodged Doc. 6 at 5).  The findings of the Court of Appeal are well-supported by the record and are objectively reasonable.

Petitioner argues that the evidence of his possession of the methamphetamine, firearm and ammunition in February 2012 was insufficient because (1) the items were "equally accessible to four other individuals" and there was "a significant opportunity for others to move the items within the house before the police could enter and secure the residence"; (2) the proximity of petitioner's personal items in the bedroom was insufficient to conclude that he had knowledge or possession of the contraband hidden under the bed and in the closet; (3) there is no evidence that petitioner exhibited a consciousness of guilt; and (4) there is no evidence that he had control over or the right to control the contraband.

Petitioner essentially asks this Court to reweigh the evidence.  On habeas review, the Court cannot reevaluate the evidence or draw new inferences. Cavazos v. Smith, 132 S. Ct. 2, 7 n.* (2011) (per curiam) (reweighing facts precluded by Jackson); United States v. Nevils, 598 F.3d 1158, 1170 (9th Cir. 2010) (in assessing sufficiency of the evidence claim, it is not court's function to reweigh the evidence) (citation and quotation marks omitted).  The Court must presume that the jury rejected petitioner's interpretations of the evidence and resolved any ambiguities in favor of its guilty verdicts.  Jackson, 443 U.S. at 319 (court must view evidence "in the light most favorable to the prosecution"); see Bruce v. Terhune, 376 F.3d 950, 957 (9th Cir. 2004) (federal habeas court must presume trier of fact resolved conflicts in favor of prosecution).  The only issue is whether it was objectively reasonable for the California courts to determine that a rational trier of fact could have found beyond a reasonable doubt that petitioner knowingly possessed the contraband in issue.  In this case, such question must be answered in the affirmative.  Indeed, the record reflects that (1) the officers entered the Oxnard residence within about 10 to 15 seconds – affording little opportunity for anyone – especially anyone not already present in the master

bedroom – to hide or access items in the master bedroom; (2) only items apparently belonging to petitioner/bearing his name, including his wallet, driver's license, and penicillin prescription, were found in the master bedroom – suggesting that he was the only person residing in and knowingly exercising control over the master bedroom and its contents; and (3) petitioner and a female visitor were the only two people observed coming out of the master bedroom.  In short, notwithstanding the absence of certain evidence highlighted by petitioner, ample evidence supports the Court of Appeal's conclusion that a rational jury could have found petitioner guilty of counts 1-3 and could have found true the firearm allegation.

Second, the Court of Appeal also reasonably determined that the evidence was sufficient to establish that petitioner knowingly possessed the contraband at issue in counts 4-6 – the charges predicated on the April 2012 events. (Lodged Doc. 6 at 5-6).  As the Court of Appeal explained:

> Substantial evidence also supports the jury's finding that [petitioner] knowingly exercised dominion and control over the firearm, ammunition, and alprazolam pills in the Impala parked outside the Port Hueneme residence.  Two months earlier, [petitioner] had been driving the same vehicle when Officer Martinez stopped it for a traffic violation.  Before searching the Impala, deputies found the keys in [petitioner's] pocket.  The vehicle's center console contained paperwork bearing [petitioner's] name. There was no paperwork bearing the name of any other person.  The day before the police searched the vehicle, Deputy Malagon saw [petitioner] open the Impala's trunk and put a backpack inside.

(Lodged Doc. 6 at 5).  This Court agrees with the findings and analysis of the Court of Appeal.

///

Petitioner argues that the evidence of his possession of the alprazolam, firearm and ammunition in April 2012 was insufficient because, even though he had the keys to the Impala where all of the contraband at issue was found (1) no evidence was introduced that he was the owner of the vehicle or the Port Hueneme residence where it was parked; and (2) evidence of the mere presence of the contraband in the Impala was insufficient to convict him because eight or nine other individuals had equal access to it.  The Court of Appeal considered and squarely rejected such contentions:

> [Petitioner] contends that the other persons in the Port Hueneme residence "had the opportunity of equal access" to the Impala.  But [petitioner] does not cite any evidence in the record supporting this contention.  Deputy Malagon testified that he had found nothing "that indicated either anyone in the house or any else other than [petitioner] had any belongings in the vehicle."  Malagon did not "find any other set of keys [for the Impala] in the house or in anyone[] [else's] possession."

(Lodged Doc. 6 at 6).  The Court of Appeal's determination that a rational jury could find that petitioner knowingly possessed the contraband at issue in counts 4-6 is well-supported by the record and this Court agrees with such determination.

In sum, the evidence presented at petitioner's trial was more than sufficient to enable a rational trier of fact to conclude that he was guilty of the charged offenses.  The California Court of Appeal's rejection of petitioner's insufficiency of the evidence claim was not contrary to, or an objectively unreasonable application of, clearly established federal law.  Nor was it based on an unreasonable determination of the facts in light of the evidence presented.  Accordingly, petitioner is not entitled to federal habeas relief on this claim.

///

///

## VI. ORDER

IT IS THEREFORE ORDERED: (1) the Petition is denied and this action is dismissed with prejudice; and (2) Judgment shall be entered accordingly.

DATED: December 29, 2016

/s/
Honorable Jacqueline Chooljian
UNITED STATES MAGISTRATE JUDGE